# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**
**Respondent/Plaintiff,**

vs.                                                       No. CIV 10-815 JC/WDS
                                                          No. CR  07-1877 JC

**MICHAEL DOMINIC LUCERO,**
**Petitioner/Defendant.**

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** comes before the Court on Petitioner Michael Dominic Lucero's ("Petitioner") Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion") filed on August 31, 2010, [Doc. No. 1], and the United States of America's ("Respondent") Response filed July 21, 2011. [Doc. No. 15]. Additionally, Petitioner provided a brief and exhibits [Doc. No. 5] in response to the Court's Order to Show Cause. Having reviewed the Motion, the Response, the record, and the law, this Court recommends that Petitioner's Motion be denied. Because the issues are resolved on the pleadings and the record establishes conclusively that Petitioner is not entitled to relief, an evidentiary hearing is not necessary. 28 U.S.C. §2255; *Trice v. Ward,* 196 F.3d 1151, 1159 (10th Cir. 1999), *cert. denied,* 531 U.S. 835 (2000).

## FACTUAL AND PROCEDURAL BACKGROUND

On June 25, 2007 Petitioner entered the Land of Enchantment Federal Credit Union in Santa

---

[1] Within fourteen (14) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

Fe, NM, displayed an AK-47 assault rifle, ordered a teller to fill a dark duffel bag with money and escaped from the bank with $14,785.22. On August 20, 2007, FBI agents interviewed Petitioner at the Santa Fe County Detention Center where he was being held on unrelated state charges. Petitioner admitted that he had held up the Land of Enchantment Credit Union. On September 11, 2007, a federal grand jury in the District of New Mexico returned a two count indictment against Petitioner charging him with Armed Bank Robbery in violation of 18 U.S.C. §§ 2113(a) and (d) and Use of a Firearm During and in Relation to a Crime of Violence (Brandish) in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Petitioner was represented by Assistant Federal Public Defender Thomas B. Jameson. On March 13, 2008, pursuant to a plea agreement, Petitioner entered a guilty plea to Count 2 of the Indictment. In his plea agreement Petitioner waived the right to appeal the sentence imposed in this case except to the extent that there was an upward departure from the applicable sentencing guideline range. No direct appeal of the conviction or sentence was filed by Petitioner.

Petitioner appeared with his counsel for sentencing on July 9, 2008. The District Court sentenced Petitioner to 84 months imprisonment to be followed by 3 years of supervised release. The Court also ordered the sentence to run concurrent with the sentence to be received in state court. Judgment was entered by the Court on September 23, 2008.

Meanwhile, on May 12, 2008 in New Mexico state court, Petitioner signed a Repeat Offender Plea and Disposition Agreement in two cases. In the first case, Petitioner plead guilty to Shoplifting over $500, contrary to NMSA 1978, Sec. 30-16-20A(1). In the second he plead guilty to Aggravated Fleeing from a Law Enforcement Officer, contrary to NMSA 1978, Sec. 30-22-1.1, which was also a violation of his electronic monitoring. Petitioner also admitted previous felony convictions for Unlawful Carrying of a Firearm into a Liquor Establishment; Possession of a Controlled Substance to wit: Cocaine; Fraudulent Use of a Credit Card; Forgery and Burglary of A

2

Motor Vehicle. The state court plea agreement signed by Petitioner contained no agreement as to sentencing except that the State did not oppose Petitioner's sentence running concurrently with any sentence imposed in 07-CR-1877 in the Federal District Court, District of New Mexico. There is a handwritten inter-lineation which states, "The state and the defendant agree to a seven-year term of incarceration to run concurrent with Federal Case. The initials of the prosecutor and defense attorney are next to this inter-lineation.

On August 31, 2010 Petitioner filed this § 2255 motion.

## CLAIMS

Petitioner seeks relief on the following grounds:

**Claim One:** Counsel failed to explain confusing words in the plea agreement which left Mr. Lucero unable to understand the proceedings;

**Claim Two:** Counsel was ineffective for failing to bring up Mr. Lucero's mental illness to the court or to the prosecutor and his level of low reading and understanding prevented him from realizing the implications of the plea and charge. Counsel did not mention "brandishing" on the agreement;

**Claim Three:** Counsel was ineffective in misleading Mr. Lucero to believe that he would be able to serve his state sentence and concurrent federal sentence in federal custody and that accepting the plea would result in less prison time; and

**Claim Four:** Counsel was ineffective in failing to raise Mr. Lucero's diminished capacity during the commission of the alleged crimes and during Mr. Lucero's interaction with the FBI.

## STANDARD OF REVIEW

Since Petitioner is in federal custody pursuant to the judgment of a federal court, 28 U.S.C. §2255 applies. A district court may grant relief under § 2255 only if it determines that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law

or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. Petitioner must also satisfy the jurisdictional requirements of the Antiterrorism and Effective Death Penalty Act of 1996. (AEDPA)

## ANALYSIS

The AEDPA provides a one-year statute of limitations for habeas corpus petitions filed by federal prisoners. 28 U.S.C. §2255(f). The limitation period runs from the latest of:

> (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Options (2)-(4) do not apply in this matter, so Petitioner's limitation period falls under subparagraph (1). Petitioner did not file for direct review, and the time to do so expired thirty days after the September 23, 2008 judgment. Accordingly, Petitioner had one year from October 23, 2008 to file his federal habeas corpus petition. The petition was actually filed on August 31, 2010, approximately ten months after the limitations period expired.

Petitioner asserts that because of mental health issues, physical injury and restrictive custody his time for filing must be extended beyond the one year statute of limitations under the doctrine of equitable tolling. "Under the doctrine of equitable tolling, we will occasionally toll the time bar

4

facing a habeas petitioner, though 'only in rare and exceptional circumstances'." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir.2000)(internal quotation marks omitted); *United States v. Willis*, 202 F.3d 1279, 1281 n. 3(10th Cir.2000) (considering the application of tolling in a particular § 2255 case).  A necessary prerequisite to any application of equitable tolling, however, is a finding that "[the] petitioner [has] diligently pursue[d] his federal habeas claims." *Gibson* 232 F.3d at 808; "[T]his equitable remedy is only available when an inmate [1] diligently pursues his claims and [2] demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.')

Petitioner alleges that on October 22, 2008 he was diagnosed with several mental health disorders and was heavily medicated. Petitioner submitted records from a "Clinical Assessment" performed by the New Mexico Corrections Department on 10/22/08. The diagnostic impression stated:

> "Mr. Lucero has a history of several incarcerations and an intensive substance dependency and he could benefit from substance abuse educations and is currently assigned to the TC program. He does not report any misconduct reports since his arrival and not having any difficulty within his housing or with other inmates or staff at this time.

The treatment recommendation stated:

> "Mr Lucero could benefit from an intensive substance abuse program and will be placed on the waiting list for next available group. He is currently housed and participating in TC program. No symptoms were observed to warrant individual therapy currently nor did he express the desire to see mental health frequently. He will continue to be assessed for desire or need for treatment per review protocol and was advised how to access mental health for requests and for BCI."

In the Court's opinion the above records fall far short of the extraordinary circumstances required for equitable tolling.  The records do not establish that Petitioner was experiencing debilitating psychiatric symptoms. To the contrary, no symptoms were observed, and Petitioner did

5

not express a desire or need for mental health treatment.  The Court also notes that Petitioner successfully filed  pleadings in state court: a motion to amend sentence on September 3, 2008, followed by a request for a hearing on that motion, which was filed April 14, 2009.

Next, Petitioner asserts that he sustained serious bodily harm on May 7, 2009, and that he was transported to a medical care facility which kept him from having access to the law library.  The New Mexico Department of Corrections medical records provided by Petitioner show that for parts of May 2009 and the first week of June 2009 Petitioner was held on suicide watch.  For portions of that time Petitioner was confined to a "rubber room" and limited to boxer shorts and a suicide blanket.  Such restrictions might justify equitable tolling of the statute of limitations.  However, in this case that tolling would be for several weeks, at best, while Petitioner's §2255 motion was filed approximately ten months late.

The Court agrees with Respondent's argument that the mere existence of psychiatric symptoms or mental illness is not the sort of "extraordinary circumstance" required for equitable tolling.  *See e.g., United States v. Sayetsilly,* 2006 U.S. Dist. LEXIS 41248, at \*4 (D. Ariz. June 19, 2006) (no equitable tolling for physical illness and mental incompetency because the § 2255 movant failed to present any evidence that the alleged infirmity and incompetence prevented him from filing a timely motion); *Shafer v. Knowles*, 2003 U.S. Dist. LEXIS 14170 at \*2, 2003, WL 22127878 (N.D.Cal, Aug. 14, 2003) (no equitable tolling where the prisoner was in a mental health facility, had twice attempted suicide, had several brief crisis bed stays, and was taking medication for his mental illness but failed to show that he was mentally incompetent for purpose of attending to his legal affairs); *Howell v. Roe,* 2003, U.S. Dist. LEXIS 2458, at \*3-4, 2003 WL 403353 (N.D.Cal.Feb.20, 2003) (no equitable tolling where the prisoner had been suicidal and/or depressed and was taking medications to treat his mental illness, but did not provide evidence of

6

incompetence); *Ross v. Hickman,* 2001 U.S. Dist.. LEXIS 12459, at *2-3, 2001 WL 94091 (N.D.Cal. Aug. 10, 2001) (no equitable tolling where the prisoner was enrolled in a prison mental health program and was receiving psychotropic medication but was not mentally incompetent and failed to show that his history of schizophrenia and substance abuse prevented him from filing a habeas petition on time).

Accordingly, the instant Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is time barred, since the one-year statute of limitations period expired on October 25, 2009. In light of the fact that the pleading is time barred, the Court declines to address the merits of the Petition.

## RECOMMENDED DISPOSITION

The Court recommends that Michael Dominic Lucero's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2255 be DISMISSED with prejudice.

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**